UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBORAH K. HAMILTON,**

     **Plaintiff,**            CIVIL ACTION NO: 3:16cv062-NBB-SAA

v.                                        BENCH TRIAL REQUESTED

**THE KITCHEN COLLECTION, LLC**

     **Defendant.**

**COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT FOR DAMAGES**

COME NOW Plaintiff, Deborah K. Hamilton ("Plaintiff"), through the undersigned counsel, and for her Complaint Under the Fair Labor Standards Act For Damages, states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., to recover from The Kitchen Collection, LLC (hereinafter "Kitchen Collection") unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and attorneys fees. This action is authorized by 29 U.S.C. § 216(b), and subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1376.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Kitchen Collection's principal office is in this District and because a substantial part of the events and/or omissions giving rise to this claim occurred in this District.

3. Kitchen Collection is a Mississippi corporation with headquarters in Chillicothe, Ohio. On information and belief, Kitchen Collection provides a variety of bakeware, cookware, appliances, various kitchen gadgets, marble and ceramic to the public at discounted prices.

4. Kitchen Collection has availed itself of the privilege of doing business within the state of Mississippi, and is subject to this Court's personal jurisdiction. Kitchen Collection can be served with process through its Registered Agent for Service of Process: Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

5. Plaintiff is a resident of DeSoto County, Mississippi, and was employed by Kitchen Collection in Tunica County, Mississippi and Desoto County, Mississippi from May 29, 2006 until she was terminated on February 9, 2016. During her employment with Kitchen Collection, she held the title of Store Manager.

## FACTUAL ALLEGATIONS

6. Kitchen Collection is, and at all times relevant to this action has been, an "employer" subject to the provisions of the FLSA.

7. At all times material to this Complaint, Kitchen Collection has employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have or had been moved in or produced for commerce.

8. At all times material to this Complaint, Kitchen Collection engaged in interstate commerce as defined in 29 U.S.C. § 203(r) and 203(s).

9. At all times material to this Complaint, the annual gross sales volume of Kitchen Collection was in excess of $500,000 per annum.

10. At all times material to this Complaint, Kitchen Collection has constituted an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

11. Plaintiff was at all times relevant to this action an "employee" entitled to the protections of the FLSA.

12. Kitchen Collection is, and at all times relevant to this action has been, subject to the requirement under 29 U.S.C. § 207 that employees may not work more than forty (40) hours

2

per week without receiving "overtime" compensation at a rate of not less than one and one-half times the regular rate of salary or pay.

13. Plaintiff claims to have been denied proper overtime compensation for all weeks in which she worked in excess of forty (40) hours.

14. Kitchen Collection has in its possession and/or should have in its possession records showing the hours worked and/or some of the hours worked by Plaintiff (which will be requested during discovery) that will enable Plaintiff to be more specific as to the weeks in which she worked in excess of forty (40) hours.

15. Without the benefit of Kitchen Collection's business records, this Complaint suffices as a short and plain statement and is made with sufficient specificity to satisfy notice pleading, Fed. R. Civ. P. 8(a) and other applicable law.

16. Plaintiff alleges herein that she was misclassified by Kitchen Collection as "exempt" from overtime under the FLSA.

17. While Plaintiff was classified as "exempt" by Kitchen Collection, she did not have duties and job responsibilities sufficient to exempt her from the FLSA. Kitchen Collection is unable to meet its burden of showing that Plaintiff falls within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§541.300, 541.301, 541.302, 541.303, or 541.304.

18. Plaintiff regularly performed job duties that did not consist of managing Kitchen Collection, a department of Kitchen Collection, or even a subdivision of Kitchen Collection. Plaintiff did not have and has not had the authority to fire other employees or make any meaningful suggestions or recommendations as to firing, advancement, promotion or any other change of status of other employees of Kitchen Collection that was given any particular weight. Furthermore, her responsibilities did not consist of management of general business operations

3

and did not include the exercise of discretion and independent judgment with respect to matters of significance.

19. While Kitchen Collection gave Plaintiff very little, if any true managerial power other than a title, Plaintiff's job duties and responsibilities cannot be considered *de minimis*.

## COUNT ONE – VIOLATION OF FLSA

20. Plaintiffs repeat and incorporate by reference each allegation set forth above as if fully set forth herein.

21. Kitchen Collection violated the FLSA by deliberately, willfully, and intentionally classifying Plaintiff as "exempt" and by refusing to pay her overtime or any other compensation for the time she spent working beyond forty (40) hours in a given week.

22. As a result of Kitchen Collection's violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiff has suffered damages in the form of earned but unpaid overtime wages as well as liquidated damages under 29 U.S.C. § 216(b), in a total amount to be determined at trial.

23. As a result of its violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiff is entitled to recover her attorneys' fees and costs incurred in bringing this action under 29 U.S.C. § 216(b).

24. To the extent it failed to accurately record, report, and/or preserve records of hours worked by Plaintiff, Kitchen Collection did not preserve records sufficient to determine her wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §201, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deborah K. Hamilton hereby requests a bench trial before this Honorable Court to provide just, equitable and necessary relief, including but not limited to:

1. A Final Judgment against Kitchen Collection for an amount equal to unpaid back wages at the applicable overtime rates;

2. A Final Judgment against Kitchen Collection finding that its violation of the FLSA was willful, deliberate and/or intentional;

3. A Final Judgment against Kitchen Collection for an equal amount to the overtime damages as liquidated damages; and

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting this cause as permitted by the FLSA.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/Ross E. Webster
      Ross E. Webster (MSB#101957)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
(901) 525-1322 Telephone
(901) 525-2389 Facsimile
sbelz@glankler.com
rwebster@glankler.com

*Attorney for Plaintiff*

*4832-3660-7791, v.  1*