# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DEBORAH K. HAMILTON**                                                                            **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:16-CV-062-NBB-SAA**

**THE KITCHEN COLLECTION, LLC**                                    **DEFENDANT**

---

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Deborah Hamilton ("Plaintiff") and Defendant The Kitchen Collection, LLC ("Defendant") jointly move for the approval of the written settlement between Plaintiff and Defendant.

    1.    Plaintiff, a former employee of Defendant, alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., as amended ("FLSA"), by misclassifying Plaintiff as exempt and failing to pay overtime for all weeks in which she worked in excess of forty hours. [Doc. 1,¶¶ 13,16] Defendant has denied these claims in their entirety. [Doc. 7] After the Parties filed initial disclosures, the Parties exchanged information on an informal basis to the extent each needed to understand the other Party's position with regard to classification and alleged overtime. In the interests of resolving this matter and avoiding the delays, expenses, and uncertainties of additional litigation, Plaintiff and Defendant scheduled a mediation conducted by Magistrate Judge Allan Alexander on August 2, 2016 during which the Parties reached agreement on the terms of a proposed settlement. In conjunction with the settlement, the Parties have reached agreement on the terms of a Confidential Settlement Agreement and Full and Final General Release ("Settlement Agreement").

2. A copy of the Settlement Agreement has been provided *in camera* to the court, as one of the conditions of settlement was that the terms and the agreement itself be kept confidential. The Parties now request the Court's approval of the settlement and Settlement Agreement prior to Plaintiff's signature. Both Parties are represented by counsel.

3. The Court in *Aguirre v. S&B Engineers and Constructors, Ltd.* 2015 WL 7574517 (E.D. Texas 2015) considered the parties' request for settlement approval in an FLSA case. In reviewing the motion, the Court acknowledged that its approval was not normally required for settlement agreements, but that the parties were seeking approval of their settlement agreement because plaintiffs' claims arose under the FLSA. *See* 29 U.S.C. § 216; *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); D.A. *Schultze, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)); and *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). The parties were allowed to submit a copy of their settlement agreement under seal. The Court then evaluated the agreement for fairness, citing to *Lynn's Food Stores, Inc.*, at 1353 (citing *Gangi*, 66 S. Ct. at 928 n.2, and *Jarrad*, 163 F.2d at 961). *Aguirre*, 2015 WL 7574517, *1. The *Aguirre* Court determined that if a settlement reflects a "reasonable compromise over issues", the Court may approve it. *Aguirre* 2015 WL 7574517, *1; *See Lynn's Food Stores*, at 1354. *Aguirre* further relied on the Fifth Circuit's holding that a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability. *Martin v. Spring Break '83 Productions*, 688 F.3d 247, 255 (5th Cir. 2012).

4. As described more fully in the Parties' Memorandum in Support of the Motion, a *bona fide* dispute exists between the Parties. The parties engaged in settlement discussions and negotiated an agreed settlement which reflects a reasonable compromise of the disputed issues to

avoid incurring further litigation expenses. The parties voluntarily agreed to the terms of the settlement.

5. The Parties request that the Court find that this case represents a *bona fide* dispute under the FLSA and that the Parties' settlement agreement is fair and reasonable and reflects an arms' length negotiation and compromise of the disputed claims. The Parties further request that the Court approve the settlement and Settlement Agreement and that this matter be dismissed with prejudice with the Court retaining jurisdiction to enforce the settlement.

RESPECTFULLY SUBMITTED, this the 22nd day of August, 2016.

**THE KITCHEN COLLECTION, LLC**

By: /s/ Elizabeth Lee Maron
Elizabeth Lee Maron (MSB No. 10133)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:    601-353-3234
Facsimile:    601-355-9708
elizabeth.maron@arlaw.com
Counsel for Defendant

And

**DEBORAH HAMILTON**

By:/s/ Ross E. Webster*
*Signed with Permission
Ross E. Webster (Bar No. 101957)
GLANKLER BROWN PLLC
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3955
Telephone:    901-525-1322
Facsimile:    901-525-1322
rwebster@glankler.com
Counsel for Plaintiff

*43261982-1*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 22nd day of August 2016 filed the Joint Motion to Approve Settlement with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Ross E. Webster
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

Dated: August 22, 2016.

/s/ Elizabeth Lee Maron

*43261982-1*

4